IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALTON SMITH, #72113, | § § | |
| PETITIONER, | § § | |
| v. | § § | CIVIL CASE NO. 3:22-CV-2203-K-BK |
| FRANK HUGHES, | § § | |
| RESPONDENT. | § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order.

On October 3, 2022, Petitioner filed a letter in this Court complaining about matters related to his criminal charges in Hunt County, Texas. Doc. 3. While the allegations within the pleading appear to suggest it is a habeas action, the pleading was not filed on the court-authorized form. Consequently, on October 6, 2022, the Court issued a deficiency order advising Petitioner that, insofar as he sought to file a federal habeas corpus petition under 28 U.S.C. § 2254, he must do so on the appropriate form, filed with a motion for leave to proceed *in forma pauperis* or the $5.00 filing fee. Doc. 4. *See* N.D. Tex. L.R. 5.4 and Misc. Ord. 13 (requiring petitions for writ of habeas corpus on the court-approved form); N.D. Tex. Misc. Ord. 14 (requiring motions to proceed *in forma pauperis* on the court-approved form). The deadline for Petitioner's response was November 4, 2022. As of the date of this recommendation, however,

Petitioner has not responded to the Court's order, nor has he sought an extension of time to do so.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Petitioner has been given ample opportunity to respond to the Court's deficiency order. He has impliedly refused or declined to do so. Therefore, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

**SO RECOMMENDED** on December 2, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] The one-year statute of limitations for filing habeas corpus petitions in federal court is applicable to this petition as well as to any other petition that Petitioner may subsequently file. *See* 28 U.S.C. § 2244(d).

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).